UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

OCT 3 1 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

JAMES H. EDWARDS, III,
and RACHEL F. EDWARDS,

      Plaintiffs,

v.                                  Civil Action No.2:14cv304

THE BANK OF NEW YORK MELLON,
OCWEN LOAN SERVICING, LLC,
and NECTAR PROJECTS, INC.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on a Notice of Removal from the Circuit Court for the City of Virginia Beach, Virginia, ECF No. 1, a Motion to Dismiss with Prejudice or, in the Alternative for Summary Judgment, and Request for Attorneys' Fees ("Motion to Dismiss") by Defendants The Bank of New York Mellon ("BONY") and Ocwen Loan Servicing, LLC ("Ocwen" or, collectively with BONY, "Defendants"), ECF No. 6, a Motion to Remand filed by Plaintiffs James H. Edwards, III and Rachel F. Edwards (collectively "Plaintiffs"), ECF No. 9, and a Motion to Continue filed by Plaintiffs, ECF No. 10. A third Defendant, Nectar Projects, Inc. ("Nectar"), has not joined any of Defendants' motions. Defendants' Notice of Removal alleges that the Court has federal question jurisdiction over this matter pursuant to

28 U.S.C. § 1331 because Plaintiffs' Complaint contains a claim arising under the Fair Credit Reporting Act ("FCRA"), a federal statute governing credit reporting.  15 U.S.C. § 1681 et seq.

After examining the Complaint, the motions, and the associated memoranda, the Court finds that the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process.  Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).  For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion to Remand for lack of subject matter jurisdiction.  In light of its decision on the Motion to Remand, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Continue, ECF No. 10.  The Court **DECLINES** to convert, under Federal Rule of Civil Procedure 12(d), Defendants' Motion to Dismiss into a motion for summary judgment.  Given the Court's other rulings, the Court **TAKES UNDER ADVISEMENT** Defendants' Motion to Dismiss, ECF No. 6, pending Plaintiffs' response thereto.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

In October 2011, Plaintiffs sued Defendants and Nectar in the Circuit Court for the City of Virginia Beach, alleging that Defendants and Nectar wrongfully foreclosed on Plaintiffs' residential real estate. Complaint ¶ 1, ECF No. 1-1. Plaintiffs, Defendants, and Nectar entered a Settlement Agreement, under which Defendants and Nectar "agreed to re-deed the property back to the Plaintiffs, [and] modify the loan by reducing the interest rate, balance, and payment." Id. ¶¶ 2-3. Pursuant to the Settlement Agreement, Plaintiffs were obligated "to make monthly loan payments in the amount of $926.43 on a new principle balance of $171,203.65." Id. ¶ 3.

According to Plaintiffs, they have "fully performed their obligations under the Settlement Agreement, including the execution and delivery of certain documents to legal counsel for [Defendants and Nectar] and the payment of some $926.43 to

---

[1] The facts recited here are drawn from Plaintiffs' Complaint and are assumed true for the purpose of deciding the motions currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motions. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint."); see also Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 783 n.1 (E.D. Va. 2007) (citing Booth v. Furlough, Inc., 995 F. Supp. 629, 630 (E.D. Va. 1998) and Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) ("On a motion to remand, because the burden to prove jurisdiction rests on the party opposing remand, the facts are stated in the light most favorable to the party seeking remand.").

Defendant Ocwen Loan Servicing, LLC for the benefit of Defendant
The Bank of New York Mellon." Id. ¶ 3. However, Plaintiffs
allege that Defendants and Nectar "failed and refused to apply
the Plaintiffs' payments to the [l]oan on a timely basis in
accordance with the Loan Modification" and "wrongfully demanded
additional funds from the Plaintiffs in breach of the Settlement
Agreement and Loan Modification Agreement." Id. ¶¶ 4-5.
Plaintiffs claim that Defendants and Nectar also made false
reports to the national credit reporting agencies "alleging the
Plaintiffs' loan [was] in arrears, the payments were late, and
an incorrect [l]oan balance." Id. ¶ 7. Plaintiffs assert that
"[d]espite Plaintiffs making payments in excess of the required
$926.43 . . . each month in accordance with the Settlement,"
Defendants did not apply Plaintiffs' payments to the loan. Id.
¶ 9.

Plaintiffs' Complaint includes three counts. In Count I,
Plaintiffs allege a breach of contract claim based on
Defendants' and Nectar's "failure to accept and apply
Plaintiffs' payment to the loan," in breach of the Settlement
Agreement. See id. ¶¶ 11-14. In Count II, Plaintiffs allege
that Defendants and Nectar violated the Fair Credit Reporting
Act by reporting "derogatory payment history to the national
credit reporting agencies." Id. ¶ 17. In Count III, Plaintiffs

4

seek an award of attorney's fees pursuant to the Settlement Agreement.  Id. ¶ 19.

On June 24, 2014, Defendants filed a Notice of Removal, removing the instant action to this Court.[2]  In their Notice of Removal, Defendants assert that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331

---

[2] Under 28 U.S.C. § 1441 (a), all defendants in a case must join in, or consent, to removal.  Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (citation omitted). However, the consent of a defendant who is merely a nominal party is not required.  See id.  To determine whether a defendant is a nominal party, courts engage in "a practical inquiry" into "whether the non-removing party has an interest in the outcome of the case."  Id. at 260-61.  In this case, Nectar did not join in removing this action and it does not appear that Nectar has consented to removal.  Nonetheless, according to Defendants, Nectar's consent to removal is not required because Nectar is a nominal party.  Notice of Removal ¶ 8.  Although Defendants do not expressly so state, they appear to argue that Nectar is a nominal defendant because it is merely a substitute trustee.  See id.  In determining whether a substitute trustee is a nominal defendant, this Court considers the factual allegations against the trustee and the type of relief sought against the trustee.  E.g., Sherman v. Litton Loan Servicing, L.P., 796 F. Supp. 2d 753, 760 (E.D. Va. 2011).  The Complaint groups Nectar with Ocwen and BONY as "Defendant," and alleges that "Defendants" breached the Settlement Agreement, violated the Fair Credit Reporting Act, and are responsible for Plaintiffs' attorney's fees in this matter.  See Complaint ¶¶ 12, 17, 19.  Accordingly, it appears that Plaintiffs have made significant allegations against Nectar, which suggest that Nectar is more than a nominal defendant.  Nevertheless, the Court will not decide whether Nectar's lack of consent to removal rendered removal procedurally improper.  In their Motion to Remand, Plaintiffs did not object to the Defendants' notice of removal on any procedural grounds.  This Court may remand a case sua sponte only based on jurisdictional defects. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 198 (4th Cir. 2009).  However, a defendant's failure to consent to removal is a statutory, rather than jurisdictional, defect.  E.g., GE Betz, Inc. v. Zee Co., Inc., 718 F.3d 615, 632 (7th Cir. 2013); see also Miller ex rel. Estate of Dimas v. Morocho Brother's Construction, Inc., No. Civ. 103CV00924, 2004 U.S. Dist. LEXIS 5443, at *11-12 (M.D.N.C. Mar. 31, 2004) (citations omitted) (collecting cases).  Accordingly, even if removal was improper without Nectar's consent, the Court cannot remand this case on that basis because Plaintiffs failed to raise the issue in their motion.

because Plaintiffs' claims arise under the laws of the United States, "specifically the FCRA." Notice of Removal ¶ 4. According to Defendants, the federal Fair Credit Reporting Act "completely preempts" any claim under a Virginia Fair Credit Reporting Act, thereby rendering Count II of the Complaint a federal claim. See id. ¶ 5.

On July 3, 2014, Defendants filed their Motion to Dismiss. Defendants argue that the Court should dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, convert their motion into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). Defs.' Mem. Supp. Mot. to Dismiss with Prejudice or, in the Alternative, for Summ. J., & Req. for Att'ys.' Fees at 2, ECF No. 7. In support of their motion, Defendants rely on materials outside the pleadings and argue that Count I fails because Plaintiffs cannot prove that Defendants breached the settlement and release agreement or loan modification agreement, or that Defendants injured them. See id. at 7-8. With respect to Count II, Defendants argue that the Complaint, at most, establishes that Defendants are "furnishers" under the FCRA and that, as such, Plaintiffs' claim fails because the FCRA does not create a private right of action against furnishers based on the facts alleged in the Complaint. See id. at 9. Finally, Defendants contend that they, rather than Plaintiffs under Count III, are

entitled to receive reasonable attorneys' fees under the settlement and release agreement. See id. at 10-11.

On July 14, 2014, Plaintiffs filed a Motion to Remand the instant action pursuant to 28 U.S.C. § 1447(c). In support of their motion, Plaintiffs argue that their Complaint does not involve a federal question. Mot. to Remand & Mem. Supp. Mot. to Remand at 2. More specifically, Plaintiffs argue that they limited their claims to a "state" FCRA claim and, therefore, regardless whether that claim has merit or a state FCRA even exists, it is for the "State Court" to decide the merits of the Plaintiff's "state" FCRA claim. Id. at 3. In response, Defendants contend that the federal FCRA completely preempts any state statute upon which Plaintiffs "state" FCRA claim might be based because the Fourth Circuit has held that 15 U.S.C. § 1681t(b)(1)(F) preempts any state statutory claim "concern[ing] a furnisher's reporting of inaccurate credit information." Defs.' Opp'n to Pls.' Mot. to Remand at 2-2, ECF No. 12.

On July 14, 2014, Plaintiffs filed a Motion to Continue and Memorandum in Support of Motion to Continue, ECF No. 10, seeking an extension of the deadline for Plaintiffs to respond to Defendants' Motion to Dismiss in the event the Court denied Plaintiffs' Motion to Remand. Plaintiffs purport to seek an extension of the deadline to respond to Defendants' motion pursuant to Federal Rule of Civil Procedure 56(f). However, the

Court construes Plaintiffs' motion as pursuant to Federal Rule of Civil Procedure 56(d) because Federal Rule of Civil Procedure 56(f) does not concern the Court's ability to grant Plaintiffs additional time to respond to Defendants' motion.[3] In their motion, Plaintiffs argue that they cannot adequately respond to Defendants' Motion to Dismiss because they are "in the process of obtaining banking, electronic, and postal records of payments." Pls.' Mot. to Continue & Mem. Supp. Mot. to Continue at 3. Accordingly, Plaintiffs ask the Court either to "extend Plaintiffs' deadline to respond to the Motion until the parties engage in discovery" or to deny Defendants' motion. Id. at 4. In support of their motion, Plaintiffs attached an affidavit in which Plaintiffs aver that they "need additional time to secure the banking, electronic, and postal records documenting the payments we have made on the loan that is the subject of litigation." Id. Ex. A ¶ 2, ECF No. 10-1. Plaintiffs further aver that they made the payments "by electronic means through the online payment process and through the U.S. Postal Service and have to obtain several of the records from third parties and the Defendants." Id. Ex. A ¶ 3.

---

[3] In addition, the language of Rule 56(d) appeared in former Rule 56(f) before amendments in 2010 that did not substantively alter the rule, McCray v. Md. Dep't of Transp., Md. Transit Admin., 741 F.3d 480, 484 n. 2(4th Cir. 2014), further suggesting that Plaintiffs' have made their motion under Rule 56(d).

On July 25, 2014, Defendants filed a brief opposing Plaintiffs' Motion to Continue. Defs.' Opp'n to Pls.' Mot. to Continue, ECF No. 11. Defendants "consent to an extension of time between 30 and 90 days for Plaintiffs to respond to the Motion for Summary Judgment so that they can gather" "documents from their banks or from the Postal Service." Id. at 1. However, Defendants argue that Plaintiffs do not need the opportunity to take discovery prior to responding to their motion because "[t]he facts and evidence essential to Plaintiffs' opposition to summary judgment would be evidence that all payments were timely made," facts which Defendants argue are already available to Plaintiffs. Id. at 3. Defendants contend that delaying resolution of their motion to permit Plaintiffs to conduct discovery "would serve only as a waste of the parties' and judicial resources." Id. In short, Defendants are willing to consent to an extension of time to allow Plaintiffs to file their opposition to the motion, but not a delay for the purposes of conducting discovery.

## II. STANDARD OF REVIEW

### A. Motion to Remand

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). They may

9

exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." Id. (citing Bowles v. Russell, 551 U.S. 205 (2007)). Accordingly, this Court must determine first whether it has jurisdiction over the claims at issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (quoting Manfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'").

Section 1441 of Title 28, United States Code, provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A defendant is permitted to remove a state court action to federal court only if the plaintiff could have originally filed such action in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Removal implicates significant federalism concerns and, accordingly, requires district courts to construe the removal statute strictly against removal. Campbell v. Hampton Roads Bankshares, Inc., 925 F. Supp. 2d 800, 803 (E.D. Va. 2013)

(citing Venezuela, 525 F. Supp. 2d at 784). As the parties seeking removal, Defendants bear the burden of establishing federal jurisdiction. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) (quoting In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006)). This burden "is no greater than [that] required to establish federal question jurisdiction as alleged in a [federal court] complaint." Id. However, if jurisdiction is doubtful, remand is necessary. Palisades Collection LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008).

The Notice of Removal alleges that this Court may exercise original jurisdiction over the instant action pursuant to 28 U.S.C. § 1331.[4] Federal question jurisdiction exists under 28 U.S.C. § 1331 if a plaintiff's claims are ones "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002). Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of

---

[4] Defendants do not allege diversity of citizenship jurisdiction as a ground of federal jurisdiction pursuant to 28 U.S.C. § 1332, and thus, the Court will only consider whether federal question jurisdiction exists.

the plaintiff's properly pleaded complaint." Campbell, 925 F. Supp. 2d at 803 (quoting Venezuela, 525 F. Supp. 2d at 784).

In the "vast majority" of cases, a cause of action "arises under" the law that creates it. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). Thus, the first step in a court's jurisdictional inquiry is to "discern whether federal or state law creates the cause of action." Mulcahey v. Columbia Organic Chems., Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). When it is apparent from the face of a plaintiff's complaint that federal law creates the cause of action, federal courts "unquestionably have federal subject matter jurisdiction." Id. If, however, state law creates the cause of action, federal question jurisdiction will lie only if "it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Smith v. Kan. City Title & Trust Co., 255 U.S. 180, 199 (1921)). Therefore, "a plaintiff's complaint may present a federal question without specifically pleading a federal cause of action." Campbell, 925 F. Supp. 2d at 803 (citing Grable, 545 U.S. at 311; Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 807 (4th Cir. 1996)). "Nevertheless, a defense, including 'the pre-emptive effect of a federal statute[,] . . . will not provide a basis for removal,' absent a statutory exception or complete

preemption." Id. at 804 (alteration in original) (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-8 (2003)).

The complete preemption doctrine "provides that if the subject matter of a putative state law claim has been totally subsumed by federal law—such that state law cannot even treat on the subject matter—then removal is appropriate." Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005) (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 207-08 (2004); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23-24 (1983); King v. Marriott Int'l, Inc., 337 F.3d 421, 424-25 (4th Cir. 2003)). "Although completely preempted claims are rare, they are held to satisfy the well-pleaded complaint" rule. Id. at 440. Nonetheless, there is a presumption against finding complete preemption. Id. (citing Custer v. Sweeney, 89 F.3d 1156, 1167 (4th Cir. 1996)). "That presumption is rebuttable because federal law occasionally displace[s] entirely any state cause of action. When it does, federal law then provide[s] the exclusive cause of action for such claims, and therefore there is . . . no such thing as a state-law claim in the regulated area." Id. (internal quotation marks and citations omitted). Thus, to establish removal jurisdiction predicated on complete preemption it is the defendant's burden "to demonstrate that a federal statute indisputably displaces any state cause of action over a given subject matter." Id.

If the Court has federal question jurisdiction over the claims at issue, the Court may also exercise supplemental jurisdiction over the state-law aspects of a plaintiff's claims, pursuant to 28 U.S.C. § 1367, if such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, if no valid federal claim is asserted, then exercising supplemental jurisdiction (though permissible) would be improper, for "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also 28 U.S.C. § 1367(c)(3).

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). This principle is embodied in Federal Rule of Civil Procedure 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court has an independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, must "raise lack of subject-matter jurisdiction on its own

14

motion," without regard to the positions of the parties.   Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); accord Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997) (citing North Carolina v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."); Utrue, Inc. v. Page One Sci., Inc., 457 F. Supp. 2d 688, 689 (E.D. Va. 2006) (quoting Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)) ("[F]ederal courts are obligated to confront and address jurisdictional defects sua sponte 'whenever it appears the court lacks subject matter jurisdiction'").   This principle is also embodied in paragraph (c) of 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

### B. Motion to Dismiss – Rule 12(b)(6) & Rule 12(d)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint, or a claim within a complaint, based on the plaintiff's "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   Rule 8(a)(2) of the Federal Rules requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The United States Supreme Court has interpreted such pleading standard as requiring that a complaint set forth enough facts for the claim to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 570 (internal citations omitted). The plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. 544, 556).

As suggested above, because a 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery County, 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, "'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" Twombly, 550 at 555 (quoting Neitzke v. Williams, 490 U.S. 319,

327 (1989)). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In considering a typical Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 448 (4th Cir. 2011) (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). "[W]hen 'matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56,' and '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27, 728 F.3d 354, 360 (4th Cir. 2013) (quoting Fed. R. Civ. P. 12(d)).

### C. Motion to Continue - Rule 56(d)

Under Federal Rule of Civil Procedure 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow

> time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

As a general matter, "summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 483 (4th Cir. 2014). Accordingly, "[a] Rule 56(d) motion must be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Id. at 483-84 (quoting Harrods Ltd. V. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002)). "Further, such motions are 'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." Id. at 484 (quoting Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore, 721 F.3d 264, 281 (4th Cir.2013)). However, the Fourth Circuit has "warned litigants that we 'place great weight on the Rule 56[d] affidavit' and that '[a] reference to Rule 56[d] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[d] affidavit.'" Harrods Ltd., 302 F.3d at 244 (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). Moreover, "Rule 56[d] motions may be denied . . . if 'the additional evidence sought for discovery would not have by

itself created a genuine issue of material fact sufficient to defeat summary judgment.'" <u>Ingle ex rel. Estate of Ingle v. Yelton</u>, 439 F.3d 191, 195 (4th Cir. 2006) (quoting <u>Strag v. Bd. of Trustees</u>, 55 F.3d 943, 954 (4th Cir. 1995)).[5]

## III. DISCUSSION

### A. Motion to Remand

As noted above, Defendants have removed this case to federal court solely on the ground of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶ 4. Specifically, Defendants argue that Count II of the Complaint arises under the federal FCRA. <u>Id.</u> ¶¶ 3-4. Therefore, the first step in the Court's jurisdictional inquiry is to determine whether federal or state law creates Plaintiff's cause of action alleged in Count II. <u>See</u> <u>Mulcahey</u>, 29 F.3d at 151. If it is apparent from the face of a plaintiff's complaint that federal law creates the cause of action, federal courts "unquestionably have federal subject matter jurisdiction." <u>Id.</u> If the Court determines that state law creates the plaintiffs' cause of action, the Court must then consider whether it may assert federal question jurisdiction over that state-law claim because: (1) "it 'appears from the [complaint] that the right to

---

[5] As stated <u>supra</u> n. 2, "[t]he language of Rule 56(d) appeared in Rule 56(f) before amendments in 2010, but these amendments made no substantial change to the rule." <u>McCray</u>, 741 F.3d at 485 n. 2. Accordingly, the Court has altered the reference to Rule 56(f) in <u>Harrods</u> and <u>Ingle</u> to reflect the 2010 amendments to the Federal Rules of Civil Procedure.

relief depends upon the construction or application of [federal law],'" Grable, 545 U.S. at 313 (2005) (quoting Smith, 255 U.S. at 199), (2) a statutory exception applies, see Campbell, 925 F. Supp. 2d at 804, or (3) complete preemption transforms the Plaintiff's state-law claim into a federal claim, see Lontz, 413 F.3d at 441. For the reasons stated below, the Court concludes that federal law creates the cause of action that Plaintiffs have alleged in Count II and, therefore, the Court need not consider whether the FCRA completely preempts state-law causes of action.

The resolution of Plaintiffs' Motion to Remand turns on whether Plaintiffs have alleged a state or federal cause of action in Count II. Count II, though purporting to assert a cause of action for violation of a statute, does not cite either federal or state law. Unsurprisingly, the parties dispute whether Plaintiffs have attempted to allege a state or a federal claim in Count II.

Plaintiffs, though not explicitly, argue that the title of Count II of the Complaint controls the Court's construction of that count. In support of their contention that Count II states a state-law claim, Plaintiffs emphasize that they have denominated Count II as "Count II: Violation of the State Fair Credit Reporting Act" and maintain that they have alleged only a state-law claim by limiting their claims to the "state FCRA."

Pls.' Mot. to Remand & Mem. Supp. Mot. to Remand at 3. Plaintiffs argue that Defendants are attempting to construe their purported state-law claim as a federal claim to provide a jurisdictional basis for removal. Id.

In response, Defendants focus on the allegations of the Complaint rather than the title of Count II. Defendants contend that "Plaintiffs' assertions under [Count II] refer only to the 'Fair Credit Reporting Act'—not the 'state' fair credit reporting act—and claim $1,000 for 'statutory damages,' consistent with a damages provision of the FCRA." Defs.' Opp'n to Pls.' Mot. to Remand at 1. Thus, Defendants appear to argue that Plaintiffs have alleged a federal claim under the FCRA, notwithstanding the title of Count II. In the alternative, Defendants assert that the Virginia General Assembly has not enacted any Virginia Fair Credit Reporting Act and that by failing to cite any statute in support of Count II, Plaintiffs have given themselves two choices: "either (1) proceed under the FCRA or (2) abandon their credit reporting claim." Id. at 2.

In construing the allegations that Plaintiffs have set forth in Count II, the title of Count II is not controlling. A complaint "must be judged by its substance rather than according to its form or label . . . ." Fravel v. Ford Motor Co., 973 F. Supp. 2d 651, 655 (W.D. Va. 2013) (quoting Cortez v. Prince George's County, 31 F. App'x 123, 128 (4th Cir. 2002)

21

(unpublished)); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1286 (3d ed. 2004) (stating that "a pleading will be judged by the quality of its substance rather than according to its form or label . . . ."). As courts have recognized, the plaintiff's designation of the counts in a complaint does not control the interpretation of those counts. See, e.g., Ritchie v. United Mine Workers, 410 F.2d 827, 832 (6th Cir. 1969) (stating that "[t]he designation of counts is not controlling of the interpretations to be placed on these claims"); Peavey v. Holder, 657 F. Supp. 2d 180, 186 (D.D.C. 2009) (internal quotation marks, alteration, and citations omitted) (holding that a plaintiff could not avoid application of a statute limiting judicial review by "labeling his claims as constitutional claims" because "courts examine the substance of a plaintiff's allegations, rather than the plaintiff's labels, to determine their true nature."); Briggs v. Oklahoma ex. rel. Dep't of Human Servs., 472 F. Supp. 2d 1288, 1292 (W.D. Okla. 2007) ("The substance of a party's pleadings, not the title he employs, controls the issues to be adjudicated.").

In certain instances, the FCRA creates a private right of action allowing injured consumers to recover damages caused by violations of the act. See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 239 (4th Cir. 2009) (citing 15 U.S.C.

§§ 1681n, 1681o). Moreover, 15 U.S.C. § 1681n establishes statutory damages of "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000" where "any person . . . willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer . . . ." In short, under federal law, Congress has created a private cause of action that a plaintiff may rely upon to redress certain FCRA violations.

On the other hand, the Virginia General Assembly has not enacted any statute directly targeted at providing a private right of action for consumers harmed by credit reporting activities.[6] A review of the Code of Virginia indicates that the General Assembly has not enacted any statute entitled the "Fair Credit Reporting Act" or established any such act providing statutory damages in association with reporting "derogatory payment history to the national credit reporting agencies."[7]

---

[6] The Court may take judicial notice of the existence vel non of a state statute. See United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).

[7] The General Assembly has established that: "Any person who obtains a consumer report, requests a security freeze, requests the temporary lift of a freeze, or the removal of a security freeze from a consumer reporting agency under false pretenses or in an attempt to violate federal or state law shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater." Va. Code Ann. § 59.1-444.2(R)

After carefully considering the parties' arguments, the Court concludes that Count II asserts a cause of action arising under federal law, the FCRA. Although the title of Count II suggests that Plaintiffs have attempted to assert a cause of action predicated on state law by titling the Count "Violation of the State Fair Credit Reporting Act," the Court does not consider the label Plaintiffs have used to denominate their claim. Rather, the Court considers the substance of Count II. In substance, under Count II, Plaintiffs have alleged that "Defendant reported derogatory payment history to the national credit reporting agencies, [] "in violation of the Fair Credit Reporting Act []" and seek "$1,000.00 per month, per Plaintiff for each violation of the FCRA as statutory damages." Complaint ¶¶ 17, 19. Those substantive allegations appear to assert a federal claim under the FCRA,[8] rather than a state-law claim under a Virginia statute, because the Plaintiffs expressly allege a violation of the "Fair Credit Reporting Act," and Congress has enacted a statute under that title, yet, the General Assembly has not. Moreover, in light of the allegations

---

(effective Jan. 1, 2015). However, none of the allegations in the Complaint implicate that provision of Virginia law.

[8]At this stage, the Court does not consider the extent to which the Complaint actually alleges facts sufficient to state a claim upon which relief can be granted under the FCRA. However, the Court notes that Defendants have challenged whether the FCRA provides Plaintiffs with a private cause of action based on the facts alleged in the Complaint. See Defs.' Mem. Supp. Mot. to Dismiss with Prejudice or, in the Alternative, for Summ. J., and Req. for Att'ys.' Fees at 9-10.

concerning violation of the FCRA and statutory damages, the fact that the FCRA, in certain instances, creates a private right of action and provides for statutory damages—unlike any Virginia statute—further suggests that the claim in Count II is a federal claim under the FCRA because the allegations in Count II are consistent with an attempt to assert an FCRA cause of action. Therefore, to the extent that Plaintiffs have alleged a statutory cause of action, the fact that Congress has enacted a statute bearing the same name as that cited by Plaintiffs and that provides a private right of action and statutory damages, consistent with the allegations in Count II, indicates that Plaintiffs have attempted to assert a federal claim under the FCRA instead of a claim under Virginia law. As such, Count II arises under federal law and the Court has subject-matter jurisdiction over that claim pursuant to 28 U.S.C. §§ 1331, 1441 and, therefore, the Court will **DENY** Plaintiff's Motion to Remand.

To the extent the Court has jurisdiction over Plaintiffs' FCRA claim pursuant to 28 U.S.C. § 1331, the Court may exercise supplemental jurisdiction over Plaintiffs' state-law breach of contract claims in Counts I and III of the Complaint. Count II of the Complaint alleges a violation of the FCRA predicated on Defendants reporting to national credit reporting agencies that Plaintiffs had not timely made payments on their loan. See

Compl. ¶ 7. Counts I and III assert that Defendants breached their agreements with Plaintiffs, in part through failing to accept Plaintiffs' loan payments, and are, therefore, responsible for Plaintiffs' attorneys' fees under the agreements. See id. ¶¶ 12-13, 19. Consequently, Counts I and III "are so related to" the claim in the action within the Court's original jurisdiction, Count II, "that they form part of the same case or controversy" because Plaintiffs' purported FCRA claim is predicated on Defendants wrongly reporting that Plaintiffs violated their agreements with Defendants and Plaintiffs' breach of contract claims, Counts I and III, are based on those alleged underlying violations of the agreements. See 28 U.S.C. § 1367(a). Therefore, the Court may exercise its supplemental jurisdiction over those claims.

### B. Motion to Dismiss

Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); however, in the alternative, Defendants have asked the Court, pursuant to Federal Rule of Civil Procedure 12(d), to convert their Motion to Dismiss into a motion for summary judgment. The Court will decline to exercise its discretion to convert the Motion to Dismiss into a motion for summary judgment. The Court's decision whether to convert a motion to dismiss into a motion for summary judgment by considering matters outside the

pleadings is discretionary because Federal Rule of Civil Procedure 12(d) requires the Court to convert a motion to dismiss into a motion for summary judgment "if . . . matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d) (emphasis added); see also 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[3][a] (3d ed. 2014) (recognizing that "Rule 12(d) specifically gives the court discretion to accept and consider extrinsic materials offered in conjunction with a Rule 12(b)(6) motion."); Wright & Miller, supra, § 1366 (noting that "[a]s the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Here, Plaintiffs have had no opportunity to take discovery. Accordingly, at this early juncture, the Court **DECLINES** to exercise its discretion to convert Defendants' Motion to Dismiss into a motion for summary judgment. See Gay v. Wall, 761 F.2d 175, 177-78 (4th Cir. 1985) (holding that it was an abuse of discretion for the trial court to convert a motion to dismiss into a motion for summary judgment where the plaintiff had not had a reasonable opportunity for discovery). Although the Court excludes from its current consideration any matters outside the

27

pleadings, it does so without prejudice to the resubmission of those matters in connection with other pleadings at a later time.  United States ex. rel. Owens v. Olympic Marine Servs., Inc., 827 F. Supp. 1232, 1234 n. 2 (E.D. Va. 1993).

For the reasons further discussed below, the Court will grant in part Plaintiffs' Motion to Continue.  Accordingly, the Court will take Defendants' Motion to Dismiss under advisement until Plaintiffs have had an opportunity to respond to the Motion to Dismiss.

### C. Motion to Continue

In light of the Court's denial of Plaintiffs' Motion to Remand, the Court will **GRANT IN PART** Plaintiffs' Motion to Continue by providing Plaintiffs with 14 days to respond to Defendants' Motion to Dismiss.  However, the Court will **DENY IN PART AS MOOT** Plaintiffs' motion to the extent they sought additional time to respond under Rule 56(d) because the Court has declined to convert Defendants' Motion to Dismiss into a motion for summary judgment.

After considering Defendants' Motion to Dismiss, particularly with respect to Plaintiffs' FCRA claim, it appears that their motion raises a significant question concerning the Court's subject matter jurisdiction over Plaintiffs' claims. Defendants contend that the FCRA provides Plaintiffs with no private right of action against Defendants.  Assuming, arguendo,

28

that Defendants are correct and that Plaintiffs have failed to state a claim upon which relief can be granted under the FCRA, the Court would be required to dismiss Plaintiffs' FCRA claim. Thereafter, given that the Court lacks original jurisdiction over Plaintiffs' state-law claims, the basis for the exercise of jurisdiction over the remaining claims in Counts I and III would be the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, the Court would have the discretion to remand or dismiss those claims, see 28 U.S.C. § 1367(c)(3), and the Fourth Circuit has cautioned against the exercise of supplemental jurisdiction when a court has dismissed all the claims over which it had original jurisdiction, e.g., Arrington v. City of Raleigh, 369 F. App'x 420, 423-24 (4th Cir. 2010) (citations omitted) (unpublished). Accordingly, the Court notes that the resolution of Defendants' Motion to Dismiss, at least with respect to Plaintiffs' FCRA claim, has the potential to affect the Court's jurisdiction over Plaintiffs' other claims.

The Court will therefore **GRANT IN PART** Plaintiffs' Motion to Continue by providing Plaintiffs with an opportunity to respond to Defendants' motion to dismiss. The Court recognizes that in their Motion to Remand Plaintiffs consistently maintained that they were asserting a claim in Count II under state law, rather than the FCRA, Pls.' Mot. to Remand & Mem. Supp. Mot. to Remand at 2-3, and that Plaintiffs requested that

29

the Court continue the time for them to respond to Defendants' motion until after the court ruled on the Motion to Remand, Pls. Mot. to Continue & Mem. Supp. Mot. to Continue at 2. Moreover, the Court notes that requiring a response from Plaintiffs prior to adjudicating their Motion to Remand would have placed them in the somewhat unusual position of simultaneously arguing both that they had not stated a federal FCRA claim, for the purposes of the Motion to Remand, and that they had stated a federal FCRA claim, for the purposes of opposing Defendants' Motion to Dismiss. Therefore, especially considering the potential jurisdictional implications intertwined with Defendants' Motion to Dismiss Plaintiffs' FCRA claim, the Court will allow Plaintiffs to file a response in opposition to Defendants' Motion to Dismiss within fourteen (14) days after the entry of this Opinion and Order. Defendants may file a reply within seven (7) days after Plaintiffs have filed their response.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand, ECF No. 9. The Court **GRANTS IN PART** and **DENIES IN PART AS MOOT** Plaintiffs' Motion to Continue, ECF No. 10. Plaintiffs may file a response in opposition to Defendants' Motion to Dismiss, ECF No. 6, within fourteen (14) days after the entry of this Opinion and Order. Thereafter, Defendants may file a reply within seven (7) days after Plaintiffs' response.

The Court **DECLINES** to convert Defendants' Motion to Dismiss, ECF No. 6, into a motion for summary judgment and **TAKES UNDER ADVISEMENT** that motion pending further briefing in accordance with this Opinion and Order.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
United States District Judge

Mark S. Davis
United States District Judge

Norfolk, Virginia
October 31, 2014